UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

ALBERT RUSSO
CN 4853
Trenton, New Jersey  08650
(609) 587-6888
Standing Chapter 13 Trustee

Order Filed on
**7/23/2007**
by Clerk U.S. Bankruptcy
Court District of New Jersey

In Re:

IRFAN SHAH

Debtor(s)

Case No. 06-20937 / MBK

Hearing Date: 06/12/07

Judge:  MICHAEL B. KAPLAN

**ORDER CONFIRMING CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: 7/23/2007**

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

**(Page 2)**
Debtor: IRFAN SHAH
Case No: 06-20937 / MBK
ORDER CONFIRMING CHAPTER 13 PLAN

___

The plan of the debtor having been proposed to creditors, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

☒ **ORDERED** that the plan of the above named debtor(s), dated 11/05/06, or as amended on the record at the confirmation hearing is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor(s); and it is further

☒ **ORDERED** that the debtor shall pay the Standing Chapter 13 Trustee, ALBERT RUSSO, the sum of **$100.00 for a period of 53 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. 586; and it is further

☐ **ORDERED** that the case is to be set up as a Tier Plan and the debtor shall pay the Standing Chapter 13 Trustee, ALBERT RUSSO, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. 586:

and it is further;

☒ **ORDERED** that general unsecured creditors will be treated as follows:
**PLAN IS A POT BASE OF $5300. GENERAL UNSECURED CREDITORS WILL RECEIVE A PRO-RATA DIVIDEND.**

and it is further

☒ **ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirmation Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002; and it is further

☒ **ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. The unpaid balance of the allowed fee shall be paid to said attorney by the Chapter 13 trustee; and it is further

☐ **ORDERED** that the attorney for the debtor shall prepare and serve a Wage Order upon the debtor's employer for the Chapter 13 plan payments; and it is further

☐ **ORDERED** that to the extent that Section 6 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. Section 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified here:

*Approved by Judge Michael Kaplan July 23, 2007*

**(Page 3)**
Debtor: IRFAN SHAH
Case No:  06-20937 / MBK
ORDER CONFIRMING CHAPTER 13 PLAN

_____

☐ **ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Chapter 13 Trustee may file, with the Court and served upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have five days within which to file with the Court and serve upon the Trustee a written objection to such Certification; and it is further

☒ **ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged; and it is further

☐ **ORDERED** that the debtor(s) must provide a market analysis within 30 days or the case will be dismissed.  The Trustee reserves and shall be allowed the right to seek modification of this confirmed plan in the event that the market analysis and/or appraisal provided by the debtor(s) indicates a substantial increase in the value and/or equity in the debtor's property; and it is further

☐ **ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a), in the amount filed by the post-petition claimant; and it is further

☒ **ORDERED** that the Standing Trustee is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a); and it is further

☐ **ORDERED** that the debtor(s) must keep the Trustee updated with the status of the debtor(s)' personal injury claim and any non-exempt proceeds of said claim shall be contributed to the plan for the benefit of the creditors; and it is further

☐ **ORDERED** that, on or before June 15, 2007, the debtor(s) shall submit to the Chapter 13 Trustee a copy of the 2006 Federal Income Tax return, together with an affidavit that all Federal, State, and Local Tax returns required pursuant to Bankruptcy Code Sections 1325(a)(9) and 1308(a), have been filed.

☐ **ORDERED** as follows:

*Approved by Judge Michael Kaplan July  23, 2007*