**GOLD, ALBANESE & BARLETTI, LLC**
Filing Attorney: Robert Francis Gold, Esq.
Attorney ID#: 022191980
48 South Street
Morristown, New Jersey 07960
973) 326-9099
Attorneys for Defendant, Inserra Supermarkets, Inc., t/a
ShopRite of Lodi #122 (improperly pleaded as Shop Rite of Lodi)

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>CHAPTER 13<br>CASE NO.: 06-20937 (MBK) |
| IFRAN SHAH,<br><br>2708 Plaza Drive<br>Woodbrige, NJ 07095<br>xxx-xx-2001 (Ifran Shah) | **Response to Motion to Reopen**<br><br>Hearing Date: May 13, 2014 |
| DEBTOR(S). | **Oral Argument Requested** |

## RESPONSE TO DEBTOR'S MOTION TO REOPEN FILED BY INTERESTED PARTY INSERRA SUPERMARKETS, INC. T/A SHOPRITE OF LODI #122

Comes now Inserra Supermarkets, Inc. t/a ShopRite of Lodi #122, an interested party, by and through counsel, and for its Response to Debtor's Motion to Reopen, states:

1. On November 11, 2006, Debtor filed a voluntary petition in bankruptcy under Chapter 13 of the United States Bankruptcy Code.

2. Debtor allegedly sustained injuries as a result of backing into a dock plate on February 14, 2010, and subsequently filed a lawsuit on October 24, 2011, seeking to recover for those alleged injuries. Having filed for protection under Chapter 13, Debtor had a duty to disclose the claim, even though it arose after the filing for a Chapter 13 bankruptcy.

FILED
JAMES J WALDRON, CLERK

MAY 0 6 2014

U S BANKRUPTCY COURT
NEWARK, NJ
BY_____DEPUTY

5139569.1

3. Debtor retained counsel to pursue recovery regarding his alleged personal injuries by March 16, 2010 for the incident that was alleged to have taken place on February 14, 2010 at the ShopRite Supermarket located at 175 Main Street, Lodi, New Jersey.

4. Debtor, however, concealed this claim from the bankruptcy court and received a discharge of his debts on May 27, 2011, prior to filing suit.

5. The bankruptcy case has been closed for more than two and a half years. Only after being caught in this deception and in response to a Motion for Summary Judgment in the state court proceeding based on Debtor's failure to disclose this claim, did Debtor file this Motion to Reopen the case to disclose the claim and pending lawsuit.

6. Debtor should not be allowed to reopen his bankruptcy case and benefit from his deception. This is particularly true because the creditors will not benefit from the estate being reopened.

7. "By statute, a chapter 13 bankruptcy plan cannot provide for payments that extend beyond 5 years." In Re D'Antignac, Case Number 05-10620 (Bankr. Ct. SD Georgia 2013) citing 11 U.S.C. §§1322 (d) and 1329.

8. As stated in the In Re D'Antignac case:

> "If the [chapter 13] case closed following the debtor's completion of payments, reopening the case to administer the asset may not accomplish anything because the Chapter 13 Trustee has no authority to liquidate assets in the absence of a plan provision and the plan, which presumably did not contemplate prosecution of the cause of action, cannot be modified after the debtor has completed her plan payments under Code §1329(a)." W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman Chapter 13 Practice and Procedure, §6:7 (2012 ed.); see also In re Green, 2004 Bankr. LEXIS 418 (Bankr. M.D. Ga. April 7, 2004) (motion to modify plan untimely when filed after the debtor has completed all plan payments); In re Jacobs, 263 B.R. 39, 43 (Bankr. N.D. N.Y. 2001) (motion to modify plan was untimely where the debtors had completed their payments into the plan); In re Thompson, 344 B.R. 461, 465 (Bankr. W.D. Va.

5139569.1

2004) ("[T]he Court is without authority to modify the Debtor's Chapter 13 Plan to provide additional payments to creditors more than five years after [the first plan payment became due]. Moreover, [citing §1329 (a)] if a Chapter 13 Plan is to be modified, it must be done 'before the completion of payments under such plan.'"). By statute, no additional assets can be administered under this chapter 13 plan.

9. This matter is nearly identical to the matter in the In Re D'Antignac case. Here Debtor's bankruptcy was filed more than 7 years ago and the first plan payment was due more than five years ago (first payment due December of 2006). See Chapter 13 Plan filed November 17, 2006. All plan payments have been completed, so now no additional assets, such as the state court lawsuit, can be administered.

10. Accordingly, the reopening will not accomplish anything other than permitting the debtor to potentially profit from his deception. To permit such conduct on the part of debtors in general where creditors will not benefit from the estate being reopened encourages concealment and deception to the detriment of creditors had the debtors been forth right and disclosed the chose in action. Accordingly, it is respectfully requested that the court deny the relief sought by the debtor and preclude the development of a most dangerous precedent.

5139569.1

WHEREFORE, interested party, Inserra Supermarkets, Inc. t/a ShopRite of Lodi #122 requests the Motion to Reopen be denied, and such other and further relief as this court deems necessary.

**GOLD, ALBANESE & BARLETTI, LLC**
Attorneys for Defendant, Inserra Supermarkets,
Inc., t/a ShopRite of Lodi #122 (improperly pleaded
as Shop Rite of Lodi)

By: _____
ROBERT FRANCIS GOLD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the Court's ECF system to those parties in interest registered to receive electronic notices for this case, and by regular mail, postage prepaid, this 6th day of May, 2014 to:

Herbert B. Raymond, Esq.
7 Glenwood Avenue, 1st Floor
East Orange, New Jersey 07017
Attorney for the Debtor(s)

Albert Russo, Esq.
1 AAA Drive, Suite 101
Robbinsville, NJ 08691
Chapter 13 Trustee

**GOLD, ALBANESE & BARLETTI, LLC**
Attorneys for Defendant, Inserra Supermarkets,
Inc., t/a ShopRite of Lodi #122 (improperly pleaded
as Shop Rite of Lodi)

By: _____
ROBERT FRANCIS GOLD

5139569.1