# GOLD, ALBANESE & BARLETTI, L.L.C.

ROBERT FRANCIS GOLD*◦◊
JUDY T. ALBANESE*◦
JAMES N. BARLETTI*

CHRISTIAN BRUUN*
SANDRA CLARK*
KEVIN M. EPPINGER*◊
STEFANI M. FIELD◦

* MEMBER OF NJ BAR
◦ MEMBER OF MA BAR
◊ MEMBER OF NY BAR
◻ MEMBER OF PA BAR
▲ CERTIFIED BY THE SUPREME
   COURT OF NEW JERSEY
   AS A CIVIL TRIAL ATTORNEY
■ CERTIFIED BY THE SUPREME
   COURT OF NEW JERSEY
   AS A CRIMINAL TRIAL ATTORNEY

ATTORNEYS & COUNSELORS AT LAW
48 SOUTH STREET
MORRISTOWN, NEW JERSEY 07960
TELE: (973) 326-9099
FAX: (973) 326-9841

Web Address: www.goldandalbanese.com
Main E-Mail Address: main@goldandalbanese.com

REPLY TO MORRISTOWN

WALTER P. LAUFENBERG*
ANTHONY V. LOCASCIO*▲
BRIAN E. MAHER J.D.
WILLIAM E. MARSALA*◊
DAVID M. PELESKO*
JAMES S. RABAN*◦
DEVIN C. VILLAROSA*
MICHAEL S. WILLIAMS*

OF COUNSEL:

LOUIS F. LOCASCIO, J.S.C. Ret.*▲■
SCOTT A. ESKWITT*

May 16, 2014

**VIA SAME DAY DELIVERY**
Michael B. Kaplan, U.S.B.J.
402 East State Street, 2nd Floor
Trenton, NJ 08608

FILED
JAMES J. WALDRON, CLERK
MAY 16 2014
U.S. BANKRUPTCY COURT
TRENTON, N.J.
BY _____ DEPUTY

Re:    Shah, Ifran
       Case Number: 06-20937 (MBK)

Dear Judge Kaplan:

Presently returnable before Your Honor on May 20, 2014 at 10:00 a.m. a motion filed by the Debtor, Ifran Shah, to reopen the May 27, 2011 Chapter 13 Discharge in Bankruptcy. On May 7, 2014 Albert Russo, Standing Chapter Trustee for the Debtor, Ifran Shah, filed an objection to the motion filed on behalf of the Debtor, Ifran Shah, to reopen his Chapter 13 Discharge. **(Exhibit A – Copy of Trustee's Objection).**    On May 6, 2014 Inserra Supermarkets, Inc., t/a ShopRite of Lodi Number 122 through its counsel, Gold, Albanese & Barletti, L.L.C., filed an objection to the reopening of the Chapter 13 Bankruptcy Discharge filed on behalf of the Debtor, Ifran Shah. **(Exhibit B – Copy of Inserra Supermarket, Inc.'s Objection).**    Please accept this memorandum in further support of the objections to the reopening of the Chapter 13 Bankruptcy Discharge of the Debtor, Ifran Shah.

Once a debtor files for protection under the Bankruptcy Code, all of his interests become property of the bankruptcy estate. 11 U.S.C. § 541; Reid v. Reid, 310 N.J. Super. 12, 19 (App. Div. 1998); In re Michael, 699 F.3d 305, 309 (3d Cir. 2012).  In exchange for the protections afforded by the Bankruptcy Code, the debtor becomes obligated to provide full disclosure of his financial affairs.  11 U.S.C. § 521; Ruffin v. Kinder Morgan Liquids Terminal, LLC, A-2589-07T1, 2009 WL 17887 (N.J. Super. Ct. App. Div. Jan. 2, 2009).  The debtor has an affirmative duty to provide complete disclosure of all assets and liabilities. Id. (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3d Cir. 1988)).  "A debtor who has an interest in an unliquidated personal injury claim must disclose that claim." Ruffin, 2009 WL

GOLD, ALBANESE & BARLETTI, LLC
Letter to Clerk, United States Bankruptcy Court
May 16, 2014
Page 2

17887 at *4. This is true even if debtors "believe their assets are worthless or are unavailable to the bankruptcy estate." U.S. v. Van Allen, 524 F.3d 814, 822 (7th Cir. 2008) (internal quotes omitted).

The duty to disclose contingent assets to the bankruptcy court continues throughout the Chapter 13 proceedings, including post-confirmation of the Chapter 13 Plan. Coles v. Carlini, CIV. 10-6132 JBS/AMD, 2013 WL 3811642 (D.N.J. July 22, 2013); see also for continuing duty DePasquale v. Morgan Stanley Smith Barney LLC, CIV. 10-6828 WJM-MF, 2011 WL 3703110 (D.N.J. Aug. 23, 2011) (citing Bosco v. C.F.G. Health Sys., 2007 U.S. Dist. LEXIS 44314 at *9, 2007 WL 1791254 (D.N.J. June 19, 2007)).

"The obligation to amend is particularly important in the context of a Chapter 13 bankruptcy ... because the bankruptcy estate includes property that the debtor acquires after the commencement of the case but before the case is closed." Harrah v. DSW Inc., 852 F. Supp. 2d 900, 903 (N.D. Ohio 2012). Because all of a debtor's assets are part of the estate which might be used to pay creditors, "motive to conceal assets is always present in a Chapter 13 case, because it is 'always in a Chapter 13 petitioner's interest to minimize income and assets.'" Harrah v. DSW Inc., 852 F. Supp. 2d at 905 (quoting Lewis v. Weyerhaeuser Co., 141 Fed.Appx. 420, 426 (6th Cir. 2005)); see also Hardee-Guerra v. Shire Pharmaceuticals, 737 F. Supp. 2d 318, 325 (E.D. Pa. 2010) ("As a person seeking to discharge her debts in bankruptcy, [the debtor] had a clear motive to conceal her discrimination case from her creditors.") (citing Clark v. Strober-Haddonfield Group, Inc., 2008 WL 2945972, *3 (D.N.J. 2008)).

A debtor's full and complete compliance with the disclosure obligation "is required to preserve the integrity of the judicial function of bankruptcy courts," especially in Chapter 13 cases, because both the court and creditors rely on the accuracy of such disclosures in determining how to proceed in a bankruptcy action until it is closed or dismissed. In Re US Internetworking, Inc., 310 B.R. 274, 282 (Bankr. D. Md. 2004) (citing Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1998)).

The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing Debtor to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314 (3d Cir. 2003). This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002). A court should not "consider favorably the fact that [the debtor] updated her initial filings after" being challenged. White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 481 (6th Cir. 2010). "To do so would encourage gamesmanship, since [the debtor] only fixed her filings after the opposing party pointed out that those filings were inaccurate." Id. Debtors could take a wait-and-see approach to disclosure by prosecuting an undisclosed claim while waiting to see how favorably the bankruptcy proceeding unfolds before discharge. That approach would undermine both the primary aim of judicial estoppel, which is to protect the integrity of the judicial process

**GOLD, ALBANESE & BARLETTI, LLC**
Letter to Clerk, United States Bankruptcy Court
May 16, 2014
Page 2

and the bankruptcy law's goal of unearthing all assets for the benefit of creditors. <u>Williams v. Hainje,</u> 375 F. App'x 625, 628 (7th Cir. 2010).

It is too late for the Debtor, Ifran Shah, to change his position now that he has been caught in his inconsistent statements. If the Debtor's, Ifran Shah's, new found honesty results in the reopening of his Chapter 13 Bankruptcy Discharge the integrity of the bankruptcy system is seriously harmed and compromised.

In light of all of the foregoing it is respectfully requested that Your Honor deny the application to reopen the May 27, 2011 Chapter 13 Discharge of the Debtor, Ifran Shah.

Very truly yours,

ROBERT FRANCIS GOLD

RFG/sr
Enclosures
cc:      Albert Russo, Esq. – w/ enclosures
         Herbert B. Raymond, Esq. –w/ enclosures

# "EXHIBIT A"

**ALBERT RUSSO, STANDING CHAPTER 13 TRUSTEE**
CN 4853
Trenton, N.J. 08650-4853
(609) 587-6888
By: Albert Russo

| | |
|---|---|
| In Re: | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF NEW JERSEY/ TRENTON VICINAGE |
| **IRFAN SHAH** | |
| | CASE NO.:   06-20937 MBK |
| | HEARING DATE:  5/13/14 |

## TRUSTEE'S OBJECTION  TO  MOTION TO REOPEN CHAPTER 13 CASE

The Standing Chapter 13 Trustee, Albert Russo, submits his objections to Motion

for the reasons set forth below:

1.  The Trustee lacks sufficient information to make an informed decision and thus objects. The

Debtor has not explained how the Motion to Reopen would benefit the estate. Furthermore,

the Debtor has not explained how he intends to amend Schedules B and C.


*/s/ Albert Russo*
Albert Russo
Standing Chapter 13 Trustee
By: David Martin

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Albert Russo
CN 4853
Trenton, New Jersey 08650
(609) 587-6888

STANDING CHAPTER 13 TRUSTEE

In Re:

**IRFAN SHAH**

Case No: 06-20937 MBK

Adv No:

Hearing Date: 5/13/14

Judge: Michael B. Kaplan

## CERTIFICATION OF SERVICE

1. I, Diane Nurko, am a secretary for Albert Russo, Standing Chapter 13 Trustee in the above captioned matter.

2. On May 7, 2014, I sent a copy of the following pleadings and/or documents to the parties listed in the charge below:

   TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO REOPEN CHAPTER 13 CASE

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: 5/7/14

/s/ DIANE NURKO
DIANE NURKO

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Irfan Shah<br><br>130 Riverbend Drive<br><br>N Brunswick, NJ  08902-1100 | DEBTOR | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court) |
| Herbert B Raymond Esq<br><br>4Th Fl, Ste 408<br><br>7 Glenwood Ave<br><br>East Orange, NJ  07017 | DEBTOR'S ATTORNEY | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court) |
|  |  | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court) |

*May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

*New 3/15/12*

# "EXHIBIT B"

**GOLD, ALBANESE & BARLETTI, LLC**
**Filing Attorney: Robert Francis Gold, Esq.**
**Attorney ID#: 022191980**
**48 South Street**
**Morristown, New Jersey 07960**
**973) 326-9099**
Attorneys for Defendant, Inserra Supermarkets, Inc., t/a
ShopRite of Lodi #122 (improperly pleaded as Shop Rite of Lodi)

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF NEW JERSEY |
| | CHAPTER 13 |
| | CASE NO.: 06-20937 (MBK) |
| IFRAN SHAH, | |
| | **Response to Motion to Reopen** |
| 2708 Plaza Drive | |
| Woodbrige, NJ 07095 | **Hearing Date:  May 13, 2014** |
| xxx-xx-2001 (Ifran Shah) | |
| | **Oral Argument Requested** |
| DEBTOR(S). | |

## RESPONSE TO DEBTOR'S MOTION TO REOPEN FILED BY INTERESTED PARTY INSERRA SUPERMARKETS, INC. T/A SHOPRITE OF LODI #122

    Comes now Inserra Supermarkets, Inc. t/a ShopRite of Lodi #122, an interested party, by

and through counsel, and for its Response to Debtor's Motion to Reopen, states:

    1.    On November 11, 2006, Debtor filed a voluntary petition in bankruptcy under

Chapter 13 of the United States Bankruptcy Code.

    2.    Debtor allegedly sustained injuries as a result of backing into a dock plate on

February 14, 2010, and subsequently filed a lawsuit on October 24, 2011, seeking to recover for

those alleged injuries. Having filed for protection under Chapter 13, Debtor had a duty to

disclose the claim, even though it arose after the filing for a Chapter 13 bankruptcy.

3.    Debtor retained counsel to pursue recovery regarding his alleged personal injuries by March 16, 2010 for the incident that was alleged to have taken place on February 14, 2010 at the ShopRite Supermarket located at 175 Main Street, Lodi, New Jersey.

4.    Debtor, however, concealed this claim from the bankruptcy court and received a discharge of his debts on May 27, 2011, prior to filing suit.

5.    The bankruptcy case has been closed for more than two and a half years. Only after being caught in this deception and in response to a Motion for Summary Judgment in the state court proceeding based on Debtor's failure to disclose this claim, did Debtor file this Motion to Reopen the case to disclose the claim and pending lawsuit.

6.    Debtor should not be allowed to reopen his bankruptcy case and benefit from his deception. This is particularly true because the creditors will not benefit from the estate being reopened.

7.    "By statute, a chapter 13 bankruptcy plan cannot provide for payments that extend beyond 5 years." In Re D'Antignac, Case Number 05-10620 (Bankr. Ct. SD Georgia 2013) citing 11 U.S.C. §§1322 (d) and 1329.

8.    As stated in the In Re D'Antignac case:

> "If the [chapter 13] case closed following the debtor's completion of payments, reopening the case to administer the asset may not accomplish anything because the Chapter 13 Trustee has no authority to liquidate assets in the absence of a plan provision and the plan, which presumably did not contemplate prosecution of the cause of action, cannot be modified after the debtor has completed her plan payments under Code §1329(a)." W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman Chapter 13 Practice and Procedure, §6:7 (2012 ed.); see also In re Green, 2004 Bankr. LEXIS 418 (Bankr. M.D. Ga. April 7, 2004) (motion to modify plan untimely when filed after the debtor has completed all plan payments); In re Jacobs, 263 B.R. 39, 43 (Bankr. N.D. N.Y. 2001) (motion to modify plan was untimely where the debtors had completed their payments into the plan); In re Thompson, 344 B.R. 461, 465 (Bankr. W.D. Va.

2004) ("[T]he Court is without authority to modify the Debtor's
Chapter 13 Plan to provide additional payments to creditors more
than five years after [the first plan payment became due]. Moreover,
[citing §1329 (a)] if a Chapter 13 Plan is to be modified, it must be
done `before the completion of payments under such plan.'"). By
statute, no additional assets can be administered under this chapter 13
plan.

9.      This matter is nearly identical to the matter in the In Re D'Antignac

case. Here Debtor's bankruptcy was filed more than 7 years ago and the first plan

payment was due more than five years ago (first payment due December of 2006).

See Chapter 13 Plan filed November 17, 2006. All plan payments have been

completed, so now no additional assets, such as the state court lawsuit, can be

administered.

10.     Accordingly, the reopening will not accomplish anything other than

permitting the debtor to potentially profit from his deception.   To permit such

conduct on the part of debtors in general where creditors will not benefit from the

estate being reopened encourages concealment and deception to the detriment of

creditors had the debtors been forth right and disclosed the chose in action.

Accordingly, it is respectfully requested that the court deny the relief sought by the

debtor and preclude the development of a most dangerous precedent.

5139569.1

WHEREFORE, interested party, Inserra Supermarkets, Inc. t/a ShopRite of Lodi

#122 requests the Motion to Reopen be denied, and such other and further relief as

this court deems necessary.

GOLD, ALBANESE & BARLETTI, LLC
Attorneys for Defendant, Inserra Supermarkets,
Inc., t/a ShopRite of Lodi #122 (improperly pleaded
as Shop Rite of Lodi)


By:_____
       **ROBERT FRANCIS GOLD**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the Court's
ECF system to those parties in interest registered to receive electronic notices for this case, and
by regular mail, postage prepaid, this 6th day of May, 2014 to:

Herbert B. Raymond, Esq.
7 Glenwood Avenue, 1st Floor
East Orange, New Jersey 07017
Attorney for the Debtor(s)

Albert Russo, Esq.
1 AAA Drive, Suite 101
Robbinsville, NJ 08691
Chapter 13 Trustee

GOLD, ALBANESE & BARLETTI, LLC
Attorneys for Defendant, Inserra Supermarkets,
Inc., t/a ShopRite of Lodi #122 (improperly pleaded
as Shop Rite of Lodi)


By:_____
       **ROBERT FRANCIS GOLD**

5139569.1

**GOLD, ALBANESE & BARLETTI, LLC**
**Filing Attorney: Robert Francis Gold, Esq.**
**Attorney ID#: 022191980**
**48 South Street**
**Morristown, New Jersey 07960**
**973) 326-9099**
Attorneys for Defendant, Inserra Supermarkets, Inc., t/a
ShopRite of Lodi #122 (improperly pleaded as Shop Rite of Lodi)

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY CHAPTER 13 CASE NO.: 06-20937 (MBK) |
| IFRAN SHAH, 2708 Plaza Drive Woodbrige, NJ 07095 xxx-xx-2001 (Ifran Shah) | **Response to Motion to Reopen** **Hearing Date: May 13, 2014** |
| DEBTOR(S). | **Oral Argument Requested** |

## RESPONSE TO DEBTOR'S MOTION TO REOPEN FILED BY INTERESTED PARTY INSERRA SUPERMARKETS, INC. T/A SHOPRITE OF LODI #122

Comes now Inserra Supermarkets, Inc. t/a ShopRite of Lodi #122, an interested party, by and through counsel, and for its Response to Debtor's Motion to Reopen, states:

1.    On November 11, 2006, Debtor filed a voluntary petition in bankruptcy under Chapter 13 of the United States Bankruptcy Code.

2.    Debtor allegedly sustained injuries as a result of backing into a dock plate on February 14, 2010, and subsequently filed a lawsuit on October 24, 2011, seeking to recover for those alleged injuries. Having filed for protection under Chapter 13, Debtor had a duty to disclose the claim, even though it arose after the filing for a Chapter 13 bankruptcy.

5139569.1

3.    Debtor retained counsel to pursue recovery regarding his alleged personal injuries by March 16, 2010 for the incident that was alleged to have taken place on February 14, 2010 at the ShopRite Supermarket located at 175 Main Street, Lodi, New Jersey.

4.    Debtor, however, concealed this claim from the bankruptcy court and received a discharge of his debts on May 27, 2011, prior to filing suit.

5.    The bankruptcy case has been closed for more than two and a half years. Only after being caught in this deception and in response to a Motion for Summary Judgment in the state court proceeding based on Debtor's failure to disclose this claim, did Debtor file this Motion to Reopen the case to disclose the claim and pending lawsuit.

6.    Debtor should not be allowed to reopen his bankruptcy case and benefit from his deception. This is particularly true because the creditors will not benefit from the estate being reopened.

7.    "By statute, a chapter 13 bankruptcy plan cannot provide for payments that extend beyond 5 years." In Re D'Antignac, Case Number 05-10620 (Bankr. Ct. SD Georgia 2013) citing 11 U.S.C. §§1322 (d) and 1329.

8.    As stated in the In Re D'Antignac case:

> "If the [chapter 13] case closed following the debtor's completion of payments, reopening the case to administer the asset may not accomplish anything because the Chapter 13 Trustee has no authority to liquidate assets in the absence of a plan provision and the plan, which presumably did not contemplate prosecution of the cause of action, cannot be modified after the debtor has completed her plan payments under Code §1329(a)." W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman Chapter 13 Practice and Procedure, §6:7 (2012 ed.); see also In re Green, 2004 Bankr. LEXIS 418 (Bankr. M.D. Ga. April 7, 2004) (motion to modify plan untimely when filed after the debtor has completed all plan payments); In re Jacobs, 263 B.R. 39, 43 (Bankr. N.D. N.Y. 2001) (motion to modify plan was untimely where the debtors had completed their payments into the plan); In re Thompson, 344 B.R. 461, 465 (Bankr. W.D. Va.

2004) ("[T]he Court is without authority to modify the Debtor's Chapter 13 Plan to provide additional payments to creditors more than five years after [the first plan payment became due]. Moreover, [citing §1329 (a)] if a Chapter 13 Plan is to be modified, it must be done `before the completion of payments under such plan.'"). By statute, no additional assets can be administered under this chapter 13 plan.

9.     This matter is nearly identical to the matter in the <u>In Re D'Antignac</u> case. Here Debtor's bankruptcy was filed more than 7 years ago and the first plan payment was due more than five years ago (first payment due December of 2006). See Chapter 13 Plan filed November 17, 2006. All plan payments have been completed, so now no additional assets, such as the state court lawsuit, can be administered.

10.     Accordingly, the reopening will not accomplish anything other than permitting the debtor to potentially profit from his deception.  To permit such conduct on the part of debtors in general where creditors will not benefit from the estate being reopened encourages concealment and deception to the detriment of creditors had the debtors been forth right and disclosed the chose in action. Accordingly, it is respectfully requested that the court deny the relief sought by the debtor and preclude the development of a most dangerous precedent.

5139569.1

WHEREFORE, interested party, Inserra Supermarkets, Inc. t/a ShopRite of Lodi #122 requests the Motion to Reopen be denied, and such other and further relief as this court deems necessary.

GOLD, ALBANESE & BARLETTI, LLC
Attorneys for Defendant, Inserra Supermarkets,
Inc., t/a ShopRite of Lodi #122 (improperly pleaded
as Shop Rite of Lodi)

By: _____
ROBERT FRANCIS GOLD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the Court's ECF system to those parties in interest registered to receive electronic notices for this case, and by regular mail, postage prepaid, this 6th day of May, 2014 to:

Herbert B. Raymond, Esq.
7 Glenwood Avenue, 1st Floor
East Orange, New Jersey 07017
Attorney for the Debtor(s)

Albert Russo, Esq.
1 AAA Drive, Suite 101
Robbinsville, NJ 08691
Chapter 13 Trustee

GOLD, ALBANESE & BARLETTI, LLC
Attorneys for Defendant, Inserra Supermarkets,
Inc., t/a ShopRite of Lodi #122 (improperly pleaded
as Shop Rite of Lodi)

By: _____
ROBERT FRANCIS GOLD

5139569.1