UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

HERBERT B. RAYMOND, ESQ.
ATTORNEYS AT LAW
7 GLENWOOD AVENUE, 4TH FLOOR
EAST ORANGE, NEW JERSEY 07017
TELEPHONE (973) 675-5622
TELEFAX (408) 519-6711
VOICEMAIL (815) 642-4613
Email: bankruptcy123@comcast.net
HERBERT B. RAYMOND, ESQ.
JEFFREY M. RAYMOND, ESQ.
KEVIN DELYON, ESQ.
ATTORNEYS FOR THE DEBTOR(s)

Order Filed on March 24, 2015
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

IFRAN SHAH, DEBTOR(S)

Case No.: 06-20937 MBK

Adv. No.:

Hearing Date: 3/10/15 @ 9:00 A.M.

Judge: MICHAEL B. KAPLAN

ORDER APPROVING SETTLEMENT OF
PERSONAL INJURY ACTION, APPROVING
NUNC PRO TUNC SETTLEMENT OF WORKERS
COMPENSATION ACTION AND RE-OPENER ACTION AND
AUTHORIZING DISBURSEMENT OF LAWSUIT PROCEEDS

The relief set forth on the following pages, two (2) through four (4) is
hereby ORDERED:

DATED: March 24, 2015

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor: Ifran Shah, Debtor(s)
Case no.: 06-20937 MBK
Caption of order: Order Approving Settlement of Personal Injury
Action, Approving Nunc Pro Tunc Settlement of Workers
Compensation Action and Authorizing Disbursement of Lawsuit
Proceeds
_____

     1. There being no objection by any party in interest to
the, nunc pro tunc, settlement of the Debtor's workers
compensation cause of action, third party action and workers
compensation re-opener action, and the settlement of the actions
are for the highest possible value and therefore the Debtor(s)
may settle these actions on terms proposed by special counsel
and that the settlement, of the actions, claims and/or
controversies be and is hereby in the best interest of the
estate and the Debtor(s) and the settlement of the actions be
and are hereby approved and that the Debtor may consummate the
settlement as proposed.

     2. That the Debtor is authorized to settle, nunc pro tunc,
the workers compensation action on the terms and conditions
recommended by special counsel and the distribution of the
proceeds of the workers compensation action, as to legal fees,
costs, expenses of suit and remaining proceeds due to the
Debtor, nunc pro tunc, be and are hereby approved.

          a. The Debtor is also authorized, nunc pro tunc, to
proceed and settle the workers compensation re-opener action[1].

_____

     [1] The reopener action has not yet been settled and will likely
outlast this bankruptcy case. The workers compensation carrier also
has a continuing lien against any settlement of this action
pursuant to the agreement between the parties.

Page 3

Debtor: Ifran Shah, Debtor(s)

Case no.: 06-20937 MBK

Caption of order: Order Approving Settlement of Personal Injury Action, Approving Nunc Pro Tunc Settlement of Workers Compensation Action and Authorizing Disbursement of Lawsuit Proceeds

_____

3. There being no objection by any party in interest to the, nunc pro tunc, settlement of the Debtor's personal injury cause of action, and the settlement of this action is for the highest possible value and therefore the Debtor(s) may settle this action on terms proposed by special counsel and that the settlement, of this action, claim and/or controversy be and is hereby in the best interest of the estate and the Debtor(s) and the settlement of the action be and is hereby approved and that the Debtor may consummate the settlement as proposed.

4. Distribution of the proceeds of the third party personal injury lawsuit shall be approved and authorized and as follows:

a. Total (gross) settlement amount: $150,000

b. Costs and expenses of Suit: $13,895, to be distributed and remitted to Special Counsel

c. Special counsel legal fees: $45,368 to be distributed and remitted to Special Counsel for legal fees incurred in the action

d. Workers Compensation Lien (Manufacturers): $45,368 to be distributed to the workers compensation carrier

e. Legal Fees to Bankruptcy Counsel Regarding the

Page 4

Debtor: Ifran Shah, Debtor(s)

Case no.: 06-20937 MBK

Caption of order: Order Approving Settlement of Personal Injury
Action, Approving Nunc Pro Tunc Settlement of Workers
Compensation Action and Authorizing Disbursement of Lawsuit
Proceeds

_____

Retention Application, the Filing of this Motion and the
Services Relating to the Appeal Defense: $5,200 to be
distributed to Bankruptcy Counsel

      f. Remaining proceeds: $40,169

      g. Amount to be Contributed to Creditors: $9,000

      h. Amount to be Distributed to the Debtor: $31,169 to
be distributed to the Debtor

    5. As noted in the preceding paragraph, the sum of $9,000,
is to be remitted to the Chapter 13 Trustee, Albert Russo, Esq.,
for payment to general unsecured creditors and commissions, on
or before May 31, 2015.